## DAMAGES FOR PROPERTY TAKEN FOR STREET PURPOSES.

[Circuit Court of Hamilton County.]

ELLA R. TENNEY ET AL v. CINCINNATI.

Decided, January Term, 1900.

*Appropriation—For Street Purposes—Damages for, Should be Recovered, When—Established Grade.*

1. Recovery should be had in the original condemnation suit of all damages resulting from the construction of a street at a reasonable grade on the property taken.

---

* Affirmed by the Supreme Court, without report—67 Ohio State, 518.

2. Error on the part of the trial judge in refusing to admit evidence in the condemnation suit as to resulting damages does not authorize a subsequent action for the recovery of such damages, notwithstanding a serious wrong may thereby result to abutting owners.

SWING, J.

Heard on error.

We are of the opinion that the judgment of the court of common pleas should be affirmed in this case.

The parties should have recovered in the original condemnation proceedings all damages for property taken for street purposes which would be caused by the construction on the property taken of a street to a reasonable grade, in the absence of any declaration by the city as to what the grade should be. And in the present case the property having been condemned for the purpose of widening a street with a well established grade, the damage for the construction of the improvement would, in the absence of a showing to the contrary, be that which would be caused by the construction of a grade corresponding to the grade of the street as established.

In this case the improvement is to be made in accordance with the grade of the street as established for more than fifty years and it is a reasonable grade; and the damage, if any, which results to the property owner should have been recovered in the action to condemn for street purposes. That the court in that action erred in not allowing it does not authorize us in this action to right what is undoubtedly quite a serious wrong to these parties. Error should have been prosecuted in that proceeding and not in this.

*Coppock & Hertenstein, Theodore Horstman, Julius G. Penn* and *Richard E. Werner,* for the property owners.